# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| FREEDOM PATENTS LLC, § <br> *Plaintiff,* § <br> v. § <br> § <br> TCL ELECTRONICS HOLDING § <br> LIMITED F/K/A TCL MULTIMEDIA § <br> TECHNOLOGY HOLDINGS, LTD., § <br> ET AL., § <br> *Defendants.* § | Civil Action No. 4:23-cv-00420 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss the Complaint for Improper Service (Dkt. #24). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED in part and DENIED in part**.

## BACKGROUND

On May 10, 2023, Plaintiff Freedom Patents LLC brought this lawsuit for patent infringement (Dkt. #1). Plaintiff brought the lawsuit against seven defendants: (1) TCL Electronics Holdings Limited f/k/a TCL Multimedia Technology Holdings, Ltd. ("TCL Electronics") (Dkt. #1 ¶ 2); (2) TCL Technology Group Corporation f/k/a TCL Corp. ("TCL Technology") (Dkt. #1 ¶ 4); (3) TCL King Electrical Appliances (Huizhou) Company Limited ("TCL King") (Dkt. #1 ¶ 6); (4) TCL MOKA International Limited ("TCL MOKA") (Dkt #1 ¶ 8); (5) TCL Smart Device (Vietnam) Co., Ltd. ("TCL Vietnam") (Dkt. #1 ¶ 10); (6) TCT Mobile International Limited ("TCT Mobile") (Dkt. #1 ¶ 12); and (7) Huizhou TCL Mobile Communication Co., Ltd. ("Huizhou TCL") (Dkt. #1 ¶ 14) (collectively, the "Defendants"). Plaintiff characterizes the Defendants as "an interrelated group of companies which together comprise one of the world's

largest manufacturers of televisions and smartphones and one of the leading sellers of televisions and smartphones in the United States, including the TCL, Alcatel, and Samsung brands" (Dkt. #1 ¶ 16).

The Defendants are located in three distinct geographic territories. TCL Electronics[1], TCL MOKA, and TCT Mobile all have places of business in Hong Kong SAR (Dkt. #1, ¶¶ 2, 8, 12), so they collectively are the "Hong Kong Defendants." TCL Technology, TCL King, and Huizhou TCL are entities organized and existing in the People's Republic of China ("PRC") (Dkt. #1, ¶¶ 4, 6, 14), so they collectively are the "PRC Defendants." TCL Vietnam is the only defendant organized and existing in Vietnam (Dkt. #1, ¶ 10).

On May 11, 2023, Plaintiff issued summons on all Defendants by serving process on the Texas Secretary of State (Dkts. ##5–11). On May 12, 2023, the Secretary of State was served as the designated agent of each of the Defendants (Dkts. ## 17–23). On June 6, 2023, the Secretary of State issued Certificates of Service to Plaintiff, noting the Secretary received "a copy of the Summons and Original Complaint For Patent Infringement" on May 12, 2023 and forwarded a copy to each of the Defendants on May 26, 2023 (Dkt. #25, Exhibits 4, 8–13).

On June 2, 2023, Defendants moved to dismiss the Complaint for improper service (Dkt. #24). TCL Vietnam moved on the basis that it does not "engage[] in business" in Texas that would permit substituted service through the Texas Secretary of State (Dkt. #24 at p. 10). The Hong Kong Defendants and the PRC Defendants moved on the basis that Plaintiff's attempt at service did not comport with the Hague Convention (see Dkt. #24 at p. 8).

---

[1] TCL Electronics "is a limited liability company duly organized and existing under the laws of the Cayman Islands" (Dkt. #1 ¶ 2). But because TCL Electronics maintains a place of business in Hong Kong SAR (Dkt. #1 ¶ 2), and TCL Electronics does not object to service in Hong Kong based on its existence under the laws of the Cayman Islands, the Court groups TCL Electronics with the other Hong Kong Defendants.

As to TCL Vietnam, Plaintiff responded that it "plausibly allege[d] that TCL Vietnam does business in Texas" (Dkt. #25 at p. 6). As to the PRC and Hong Kong Defendants, Plaintiff responded that service on the Texas Secretary of State does not implicate the Hague Convention because service culminated in Texas and not abroad (Dkt. #25 at p. 11). And specifically as to the Hong Kong Defendants, Plaintiff responded that even if the Hague Convention is implicated by service on the Texas Secretary of State, the service was still effective because Hong Kong SAR does not object to service through postal channels (Dkt. #25 at p. 9). In the alternative, Plaintiff requested the Court allow it to serve Defendants through their U.S. counsel (Dkt. #25 at pp. 19–23).

**LEGAL STANDARD**

I.     **Federal Rules 12(b)(5) and 4**

Federal Rule of Civil Procedure 12(b)(5) provides that a party may file a motion to dismiss for insufficient service of process. A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Federal Rule of Civil Procedure 4(h) governs service of domestic and foreign corporations. Rule 4(h) allows for service of a foreign corporation either (1) "in a judicial district of the United

3

States . . . ," or (2) "at a place not within any judicial district of the United States . . . ." FED. R. CIV. P. 4(h)(1)–(2).

When exercising the first option, service within the United States, the plaintiff must serve the defendant

>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>   (B) by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

FED. R. CIV. P. 4(h)(1)(A)–(B). Rule 4(e)(1), in turn, states that "unless federal law provides otherwise," an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

When exercising the second option, service outside the United States, the plaintiff must serve the defendant "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h)(2). Under Rule 4(f), a plaintiff may serve a defendant "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f)(1). Rule 4(f)(2) provides for methods of service if "there is no internationally agreed means, or if an international agreement allows but does not specify other means . . . ." FED. R. CIV. P. 4(f)(2).

Rule 4(f) also permits service "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). Service under the Hague Convention, set out in Rule (4)(f)(1), does not displace Rule (4)(f)(3). *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494,

498 (5th Cir. 2018) (noting that the Hague Convention "does not displace" Rule 4(f)(3)). Nor is service under Rule (4)(f)(3) a "last resort" or a form of "extraordinary relief." *Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co. Ltd.*, No. 2:21-CV-00378, 2022 WL 1271706, at *2 (E.D. Tex. Apr. 28, 2022). Rather, Rule 4(f)(3) provides that service on a foreign defendant is proper when it is effected through a "court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections." *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (citing *Mullane v. Cent. Hanover Bank & Tr. Co*, 339 U.S. 306, 314 (1950)).

Courts typically order service under Rule 4(f)(3) after considering the delay and expense associated with conventional means of service and any special circumstances that justify court intervention. *Viavi*, 2022 WL 1271706, at *2. In determining whether alternative service is appropriate under Rule 4(f)(3), courts enjoy "broad discretion." *Id.*

II. **Substitute Service under Texas Law**

Texas law provides for substituted service on the Secretary of State for nonresidents who engage in business in Texas but have neither a regular place of business nor a designated agent:

> The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

TEX. CIV. PRAC. & REM. CODE § 17.044(b). The term "nonresident" includes foreign corporations. *Id.* § 17.041. Texas law also dictates what the Secretary of State does after service:

> If the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the

5

nonresident's home or home office and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided.

*Id.* § 17.045(a).

## ANALYSIS

**I.    TCL Vietnam**

First, the Court decides the motion as to TCL Vietnam. The Court finds that TCL Vietnam was properly served and therefore denies TCL Vietnam's motion.

Texas law provides for substituted service on the Secretary of State for nonresidents who engage in business in Texas but have no regular place of business and have not designated an agent. TEX. CIV. PRAC. & REM. CODE § 17.044(b).

Plaintiff and Defendants seem to agree that if TCL Vietnam "engages in business" in Texas, then service of TCL Vietnam proper under the Texas law (Dkt. #24 at p. 10 ("Service of a nonresident defendant like TCL Vietnam through the Texas Secretary of State is only permissible if that nonresident defendant 'engages in business' in Texas."); Dkt. #25 at p. 6 ("Defendants do not dispute that in some cases Texas law makes the Secretary of State an agent for service of process on a nonresident who does business in Texas.")). The parties dispute whether TCL Vietnam "engages in business" within the understanding of Texas law.

The Texas Civil Practices and Remedies Code contains several acts that constitute doing business in Texas, not limited to but including "commit[ing] a tort a whole or in part in this state." TEX. CIV. PRAC. & REM. CODE § 17.042(2). "[S]ince patent infringement is a tort, the sale of [a foreign defendant's] infringing products in Texas is sufficient evidence that [the foreign defendant] was 'doing business' under the Texas service statute, and thus sufficient evidence to

6

meet the service provisions of Federal Rule of Civil Procedure 4(h)(1)(A)." *ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 121 (E.D. Tex. 2009).

The Court finds that Plaintiff sufficiently established the validity of its service on TCL Vietnam. The Court finds the facts in this case very similar to the facts in *ATEN*. There, a Taiwanese company manufactured products abroad, and then proceeded to sell those products to an American company. *See id.* at 119. That American company, in turn, imported those products to the United States. *See id.* The Taiwanese company moved to dismiss for improper service of process. *Id.* at 121. Even though the Taiwanese company did not itself import and sell the alleged infringing products in the United States, the court found "the sale of [the Taiwanese company's] infringing products in Texas [was] sufficient evidence that [the Taiwanese company] was 'doing business' under the Texas service statute . . . ." *Id.*

Plaintiff sufficiently established that under Texas's service statute, TCL Vietnam "does business" in Texas. Plaintiff submitted evidence that TCL Vietnam planned, at least in part, to sell its products in the United States (Dkt. #25, Exhibit 5 at p. 1 ("The integrated manufacturing base will supply products to both the Vietnam market and other overseas markets, including . . . the U.S.")). Plaintiff also submitted evidence that one of the accused products is shipped by TCL Vietnam to the United States (Dkt. #25, Exhibit 6 at p. 2) and is sold in Texas (Dkt. #25, Exhibit 7 at p. 1). TCL Vietnam replies to this evidence by calling Plaintiff's allegations "implausible on their face" because TCL Vietnam "has no employees or facilities in the United States" and therefore "cannot possibly make or use any product [in the United States]" (Dkt. #26 at p. 7). But this does not rebut Plaintiff's evidence that TCL Vietnam's products are in fact sold in Texas to constitute "doing business" in Texas.

TCL Vietnam also argues that the cargo designation of "'FOB HCM' (freight-on-board, Ho Chi Minh City)" means TCL Vietnam has no sales in the United States or Texas (Dkt. #26 at p. 7), but the Court is not persuaded by this argument. The court in *ATEN* addressed FOB shipments in the personal jurisdiction context. The Taiwanese defendant delivered its products "to a shipping company in Taiwan, [and it] shipped to its customers using free-on-board (FOB)[2] shipping terms . . . ." *ATEN*, 261 F.R.D. at 119. There, the court found that the relevant inquiry for personal jurisdiction was "whether [the Taiwanese defendant] purposefully direct[ed] its products toward the Texas market and *not whether it retain[ed] legal title to the products in the event of loss*." *Id.* at 120 (emphasis added). Likewise, here the relevant inquiry is whether TCL Vietnam's activities amount to doing business in Texas, which the Court has found they do. Therefore, the Court finds that TCL Vietnam was properly served and denies the motion as to TCL Vietnam.

## II.     The PRC and Hong Kong Defendants

Next, the Court decides the motion as to the PRC Defendants and Hong Kong Defendants. The first issue is whether the Hague Convention is implicated by the transmission of documents to the PRC and Hong Kong SAR. The second issue is whether Plaintiff established that its attempt at service comports with accepted service in the PRC and Hong Kong.[3]

### A.     Whether the Hague Convention is Implicated by International Transmission of Documents

---

[2] The terms "freight-on-board" (Dkt. #26 at p. 7) and "free-on-board" (*ATEN*, 261 F.R.D. at 119) refer to the same type of shipping. *See, e.g.*, *Soto v. Meadow Mills, Inc.*, No. 3:09CV292-HEH, 2009 WL 1873785, at *3 (E.D. Va. June 29, 2009).

[3] In their reply, the PRC Defendants and Hong Kong Defendants made arguments denying doing business in Texas (Dkt. #26 at pp. 3, 6). However, those arguments were not raised in Defendants' Motion, so the Court considers them waived. *Bavely, Trustee of AAA Sports, Inc. v. Panini America, Inc.*, No. 4:22-cv-093, 2022 WL 19076610, at *4 n.2 (E.D. Tex. Oct. 19, 2022). Accordingly, the Court will only address the grounds for dismissal addressed in Defendants' Motion.

The parties dispute whether the Secretary of State's transmission of service documents from Texas to the PRC Defendants and Hong Kong Defendants implicates the Hague Convention. Defendants argue that it does, claiming that "Texas courts have consistently held that service via the Texas Secretary of State is improper where the defendant company is in a country that does not affirmatively authorize service of process by mail" (Dkt. #24 at p. 8). Defendants point to multiple cases in Texas, including two from this district (Dkt. #24 at p. 8 (citing *Macrosolve, Inc. v. Antenna Software, Inc.*, No. 6:11-CV-287, 2012 WL 12903085, at *2 (E.D. Tex. Mar. 16, 2012)); Dkt. #24 at p. 9 (citing *Traxcell Techs., LLC v. Nokia Sols. & Networks US LLC*, 2:18-cv-00412-RWS-RSP, 2019 WL 8137134, at *3 (E.D. Tex. Oct. 22, 2019))). In response, Plaintiff asserts that "substituted service through the Texas Secretary of State does not implicate the Hague Convention" because "[s]ubstituted service on the Secretary of State is domestic service," that the Convention only applies to "transmissions culminating in service abroad" (Dkt. #25 at pp. 9, 11). Plaintiff believes that "service is complete upon service on the Secretary of State, even if the nonresident defendant *never* receives a forwarded copy of the service documents" (Dkt. #25 at p. 14).

After review of the applicable law, the Court finds that when a signatory to the Hague Convention is served through the Texas Secretary of State, the Hague Convention is implicated. First, the statutory provisions allowing Plaintiff to serve the Texas Secretary of State require the Secretary of State to "send notice of the complaint to the nonresident." *Macrosolve*, 2012 WL 12903085, at *2 (citing TEX. CIV. PRAC. & REM. CODE § 17.045(a) and 1. TEX. ADMIN. CODE § 71.21); *see ACQIS LLC v. Lenovo Grp. Ltd.*, 572 F. Supp. 3d 291, 301 (W.D. Tex. 2021) ("This Court reads the Texas service statutes to require the Secretary of State to mail the service to the

9

foreign entity, for which it is an involuntary agent, implicating the Hague Service Convention.") (citing TEX. CIV. PRAC. & REM. CODE §§ 17.044–17.045). And the Certificates of Service issued by the Secretary of State to Plaintiff include the address of the nonresident defendant where the Secretary sent the Summons and Original Complaint (Dkt. #25, Exhibits 8–13).

Further, this Court agrees with the court in *ACQIS* that "it would be absurd to find that any communications between the *secretary of state* and [a] foreign defendant are irrelevant after the *secretary of state* received process." 572 F. Supp. 3d at 301 (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988)). Courts require plaintiffs to comport with service requirements because defendants deserve due process when served. *See Ultravision Techs., LLC v. Govision, LLC*, 2020 WL 10692985, at *4 (E.D. Tex. Mar. 16, 2020) ("To satisfy due process requirements, service must provide 'notice [that is] reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections."). The court in *ACQIS* noted that the mailing of the notice of service to the foreign defendant, the "final action" in the chain of events, completes the demands of the Due Process Clause:

> Under Texas Law, the Secretary of State is required to immediately mail a copy of the notice of service to the foreign entity, affording the defendant its due process. *Absent that final action, as dictated by the statute, a defendant would be unaware of the action against it.* Such a proposition cannot meet the demands of the Due Process Clause, given these facts.

*ACQIS*, 572 F. Supp. 3d at 302 (emphasis added). So because the actual mailing of the notice is both dictated by the Texas service statute and completes the demands of Due Process, the Court finds the international transmission of those documents implicates the Hague Convention.

    **B.**    **Whether Plaintiff's Substituted Service Comports with Accepted Service**

Because the Court finds the international transmission of service documents by the Texas Secretary of State implicates the Hague Convention, the Court moves to the next inquiry: whether service by mail is permitted by either of the Hague signatories at issue (the PRC and Hong Kong). If either of the signatories permits service by mail, Plaintiff's substituted service through the Texas Secretary of State is acceptable as to the defendants located within the signatory.

### 1. Hong Kong Defendants

After review, the Court finds that service of the Hong Kong Defendants through the Texas Secretary of State is permissible. While the Hong Kong SAR is a signatory to the Hague Convention, it permits service by mail (Dkt. #25, Exhibit 14 at p. 3). In their Motion, Defendants stated "service of process by mail is not allowed in . . . the Hong Kong SAR" (Dkt. #24 at p. 9). This is false. "Hong Kong has not made 'any reservations with respect to service by international registered mail or service by agent.'" *Stingray IP Sols., LLC v. TP-Link Techs. Co., Ltd.*, No. 2:21-CV-00045-JRG, 2021 WL 6773096, at *3 (E.D. Tex. Nov. 19, 2021); *see also CMA CGM S.A. v. Ocean Line Logistics Inc.*, No. 2:20-cv-06210-FWS-RAO, 2022 WL 3009461, at *6 (C.D. Cal. June 3, 2022) ("Service by mail is not prohibited by the Hague Convention and is explicitly permitted under Hong Kong law."). Plaintiff has provided evidence that the Hong Kong Defendants have been served by mail through the Texas Secretary of State (Dkt. #25, Exhibit 8 at p. 2; Dkt. #25, Exhibit 11 at p. 2; Dkt. #25, Exhibit 12 at p. 2). Therefore, Plaintiff properly served the Hong Kong Defendants, and Defendants' Motion is denied as to the Hong Kong Defendants.

### 2. PRC Defendants

After review, the Court finds that service of the PRC Defendants through the Texas Secretary of State is not permissible. The PRC is signatory to the Hague Convention, and it

expressly objects to service by mail (Dkt. #24, Exhibit 2 at p. 2; *ACQIS*, 572 F. Supp. 3d at 300). So the mail delivered abroad "does not impact the instant case because [the PRC] ha[s] objected to service by mail." *ACQIS*, 572 F. Supp. 3d at 300. Therefore, the Court grants without prejudice Defendants' Motion as to the PRC Defendants.

### III.     Alternative Service of PRC Defendants

Now that the Court has determined service through the Texas Secretary of State was improper as to the PRC Defendants, it must now decide whether it will grant Plaintiff's request for alternative relief. In its Response, Plaintiff requested in the alternative that the Court allow it to serve the PRC Defendants through their U.S. counsel (Dkt. #25 at p. 19).

In evaluating whether service via the PRC Defendants' U.S. counsel is proper here, the Court must determine whether such service is "prohibited by international agreement" and whether it is reasonably calculated to notify the PRC Defendants of the case and to afford them an opportunity to present objections. *See Viahart*, 2022 WL 445161, at *3. The Court finds that Plaintiff's request passes muster on both prongs of this analysis, and, as a result, it will grant Plaintiff's request.

First, "the Hague Convention does not prohibit service on a foreign corporation through its U.S. counsel . . . ." *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 6-20-cv-00952-ADA, 2021 WL 2870679, at *4 (W.D. Tex. July 8, 2021). So service on the PRC Defendants' U.S. counsel is not prohibited by international agreement. *See Viahart*, 2022 WL 445161, at *3.

Second, the Court finds that service through the PRC Defendants' U.S. counsel is reasonably calculated, under the circumstances, to provide them with notice of this suit. *See id.* The Court has already found that TCL Vietnam and the Hong Kong Defendants have been

12

properly served through the Texas Secretary of State. The Court also notes that Defendants' U.S. counsel in this particular case has previously accepted service for one of the PRC Defendants, TCL Technology, in another matter in this district. *See Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.*, No. 2:21-cv-00438-JRG, Dkt. #24, Minute Entry entered on July 19, 2023 at 9:24 AM ("Mr. McPhail agreed to accept service of process on behalf of Defendants."). The Court therefore finds, in light of the circumstances and the facts of this case, that service of the PRC Defendants through their U.S. counsel is "reasonably calculated . . . to notify the [PRC Defendants] of the case and afford them an opportunity to present objections." *Viahart*, 2022 WL 445161, at *3.

The Court therefore grants Plaintiff's request for alternative service pursuant to Rule 4(f)(3). Plaintiff is ordered to serve the PRC Defendants' U.S. counsel within 14 days of this order.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss the Complaint for Improper Service (Dkt. #24) is hereby **GRANTED in part and DENIED in part**. The Motion is **DENIED** as to the Hong Kong Defendants, and **DENIED** as to TCL Vietnam. The Motion is **GRANTED** as to the PRC Defendants, and Plaintiff's claims against the PRC Defendants are hereby **DISMISSED WITHOUT PREJUDICE.** The Clerk is directed not to terminate the PRC Defendants unless alternative service as directed by the following paragraph is not executed.

It is also **ORDERED** that Plaintiff's request for alternative service pursuant to Rule 4(f)(3) on the PRC Defendant's U.S. Counsel (Dkt. #25 at pp. 19–23) is **GRANTED**. Plaintiff is ordered to serve the PRC Defendants' U.S. counsel within 14 days of this order if it wishes to bring its claims against the PRC Defendants.

**IT IS SO ORDERED.**

**SIGNED this 9th day of November, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE